IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cr-30082-SMY |
| | ) |
| TYRONE JAMES, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

    Defendant Tyrone James pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 33 months' imprisonment on April 25, 2023 (Doc. 33). Now pending before the Court is James' motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 43). The Government does not oppose the motion (Doc. 44).

    Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Here, the parties agree that James is eligible for a reduction under Part A of Amendment 821.

James' total offense level at sentencing was 13 and his criminal history category was VI, which yielded a Guidelines sentencing range of 33-41 months imprisonment. Under Amendment 821, James' criminal history points are reduced and his criminal history category is reduced from VI to V, resulting in a lowered Guidelines range of 30-37 months. Therefore, James is eligible for a reduction.

Having also considered the applicable factors under 18 U.S.C. § 3553(a), the Court **GRANTS** the motion (Doc. 43) and reduces James' sentence from 33 to 30 months' imprisonment. The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

**DATED: May 2, 2024**

**STACI M. YANDLE**
**United States District Judge**